ROBERT LOVETT, executor, &c. of George Lovett, deceased, *vs.* AMBROSE C. KINGSLAND, MARY KINGSLAND, AUGUSTA GILLENDER and others.

A testator died leaving two daughters, A. G. and M. K. and several grandchildren. By his will he directed the payment of $12,000 to each of his daughters, for life. To A. G. he devised his dwelling house No. 23 Union Square, and all his furniture and plate. The will then directed " that in case of the death of either of my said daughters, the amount left to either of them, as above mentioned, shall be paid to child or children of them, until my estate is divided between my grandchildren." The testator then disposed of the great bulk of his estate as follows: "I give to my granddaughter, H. G. one fourth part of all my real and personal estate, and the other three fourths to be equally divided between the rest of my grandchildren, after the death of my two daughters, A. and M., and no division in any case before that time." Then followed this provision: "And it is my will that no part of my real estate be sold or incumbered during the lives of my two daughters, or either of them; and it is my will that any balance of money unexpended of my estate shall be invested on bond and mortgage on real estate." A power was given to sell the real estate, in these words: "I leave to the surviving executors and executrixes, hereinafter named, and in order to effect a division of my estate I give and grant unto my said executors, the survivor or survivors of them, all lawful authority to sell and convey, and to execute deeds of conveyance of my real estate, after the death of my two daughters."

*Held*, 1. That the will must be construed without the aid of the doctrine of equitable conversion.

2. That the testator intended to dispose of all his estate, real and personal, by his will. And that the gift to the grandchildren must be regarded as a residuary gift, although the testator did not use the word "remaining," or "residue." That such gift was intended to be a gift of all the testator's estate, real and personal, remaining after the previous gifts, or after providing for the previous gifts. And that it was intended to carry all the testator's estate, except so much or such part thereof as had been previously disposed of by the will.

3. That even as to the residuary real estate, the gift to the grandchildren did not create or give to them future estates as *remainders*, there being no precedent estate, created at the same time.

4. That the gift to the grandchildren, even as to the residuary real estate, could not take effect as a remainder, or as remainders, without an implied devise to the daughters for the life of the longest liver of them; and that to imply such a devise would be inconsistent with the fact that the daughters were the heirs at law; with other parts of the will, and with the whole scheme thereof.

Lovett *v.* Kingsland.

5. That the gift to the grandchildren could not be regarded as executory, even in form; and that the words of futurity, in the gift, must be deemed as relating merely to the intended division or distribution.

6. That as to H. G. the gift was in apt and sufficient words to make the gift, as to her, a present, vested, absolute gift of one fourth part of the residuary estate, real and personal.

7. That the gift as to the children of M. K. should be looked upon as worded, or intended to be worded "and the other three fourths I give to the rest of my grandchildren, to be equally divided betweeen them, after the death of my two daughters A. and M., and no division in any case before that time."

8. That the gift to the grandchildren should be regarded as a present, absolute gift, to be divided after the death of the testator's two daughters, and not as a future or executory gift, after the death of the daughters to be divided.

9. That this being the controlling fact or circumstance, in the construction of the will, the court in order to give it effect, would sacrifice to it a particular (or secondary) intention inconsistent with it.

10. That the testator having followed this present and absolute gift with certain words or provisions showing that he intended there should be no division between the donees until the death of his daughters, and that his residuary estate should not be sold or incumbered in the meantime, and that any balance of money unexpended, of his residuary estate, should be invested on bond and mortgage in the meantime, these provisions viewed as restrictions, or intended restrictions, of the absoluteness of the gift, and of the rights of property conferred thereby, were inconsistent with, or repugnant to, the gift itself, and could not be effectual as such. And that if not effectual as intended restrictions, they must be viewed as mere recommendations to the donees as to the management of the property and its income.

11. That there was not any valid, effectual suspension or postponement of the division or payment even of the corpus or principal of the residuary personalty, beyond the time fixed by law for its distribution or payment.

12. That the power of sale, given to the executors, could never be exercised, consistently with this construction; and that it must be deemed inconsistent with the direct, present, absolute gift to the grandchildren.

13. That the provision of the will, "and in case of the death of either of my said daughters, the amount left to either of them, as above mentioned, shall be paid to the child or children of them, until my estate is divided between my grandchildren," was inconsistent with the residuary gift, and should be deemed to have failed, or to be ineffectual.

14. That that provision was not intended, in case of A. G.'s death before her sister, to carry the house and lot No. 23 Union Square, or the rents and profits of it, to her child or children, until the death of her sister. That the residuary gift carried the remainder of the testator's estate in the house and lot, and that by it the child of A. G. took a vested remainder

in fee in one fourth of it; and the children of M. K. in three fourths of it. And that as to that house and lot the construction making the gift to the grandchildren a present, absolute gift must be qualified.

15. That should the residuary gift to the grandchildren be regarded as executory, in form or in terms, that is, as a gift to them after the death of both of the testator's daughters, it would be a gift to the grandchildren, of the residue of the testator's real and personal estate after or upon the death of the longest liver of his daughters, and a gift of all its income, until then to be accumulated; and that the accumulation being illegal, the gift of the income would be left to take effect free from the accumulation.

THIS action was brought to obtain a construction of the will of George Lovett, late of the city of New York, deceased. He died in the city of New York on the 5th of January, 1864, leaving his daughters, Augusta Gillender, wife of Eccles Gillender, and Mary Kingsland, wife of Ambrose C. Kingsland, his only heirs at law, and entitled to his personal estate in case of intestacy. He also left the following named grandchildren: Helena L. Gillender, daughter of Augusta Gillender, and Ambrose C. Jr., George L., Henry P., Augusta L., Mary H., Daniel C. Jr., Cornelius F., Albert A. and Walter F. Kingsland, children of Mary Kingsland. Of these grandchildren, Helena L. Gillender, and Daniel C. Jr., Cornelius F., Albert A. and Walter F. Kingsland are minors.

The testator left a large estate, consisting of real and personal property; the real estate being valued at about $800,000, and the personal at $1,235,000.

The testator left no debts, except perhaps of mere nominal amount.

The will gives certain pecuniary legacies, of comparatively small amounts, to the brother, sister and a nephew of the testator. To the daughters of the testator, Mrs. Gillender and Mrs. Kingsland, the will directs the payment of $12,000 a year, each, payable quarterly during their lives. To Mrs. Gillender there is a specific devise for life of the dwelling house of the testator, No. 23 Union Square, she paying all taxes and charges against the same, and an absolute gift to her of all the testator's furniture and plate. The will then

Lovett *v.* Kingsland.

directs " that in case of the death of either of my said daughters, the amount left to either of them, as above mentioned, shall be paid to child or children of them, until my estate is divided between my grandchildren."

The testator then disposes of, or undertakes to dispose of, the great bulk of his estate, as follows: "I give to my granddaughter, Helena Gillender, one fourth part of all my real and personal estate, and the other three fourths to be equally divided between the rest of my grandchildren, after the death of my two daughters, Augusta and Mary, and no division in any case before that time." Then follows this provision: "And it is my will, that no part of my real estate be sold or incumbered during the lives of my two daughters, or either of them; and it is my will that any balance of money unexpended of my estate shall be invested on bond and mortgage on real estate." Then follows a provision, giving a power of sale of real estate, in these words: "I leave to the surviving executors and executrixes, hereinafter named, and in order to effect a division of my estate, I give and grant unto my said executors, the survivor or survivors of them, all lawful authority to sell and convey, and to execute deeds of conveyance of my real estate, after the death of my two daughters." Then follows the appointment of Robert Lovett, Ambrose C. Kingsland, Augusta Gillender, and Mary Kingsland, as executors and executrixes.

An inspection of the will shows it to be a printed blank, filled up in the handwriting of the testator.

*C. N. Bovee* and *E. M. Holbrook,* for the plaintiffs.

*Charles O'Conor,* for the defendants, the Kingsland grandchildren.

*Wm. M. Evarts* and *F. Tillou,* for the defendants Augusta Gillender and Eccles Gillender, her husband.

*Charles H. Glover,* for the defendant Helena Gillender.

SUTHERLAND. J.   It is plain, I think, that the will must be construed without the aid of the doctrine of equitable conversion.

The testator says, "it is my will that no part of my real estate be sold or incumbered during the lives of my two daughters, or either of them," &c.   The power of sale which is given to the executors, is a power to sell and convey *after the death of the testator's two daughters, for the purpose of the intended future division or distribution.*   How, then, can we in construing the will *now,* in the life time of the daughters, consider the real estate included in the gift to the grandchildren, converted into personal?   The fiction of equitable conversion is used to carry out the will of the testator, not to defeat it.

It is plain that the testator intended to dispose of all his estate, real and personal, by his will; and it is plain too, I think, that the gift to the grandchildren must be regarded as a residuary gift, though the testator does not use the word, *remaining,* or *residue.*   There can not be a doubt that the gift to the grandchildren was intended to be a gift of all the testator's estate, real and personal, remaining after the previous gifts, or after providing for the previous gifts; that it was intended to carry all the testator's estate, except so much or such part thereof as has been previously disposed of by the will.

It is plain, that even as to the residuary real estate, the gift to the grandchildren does not create, or give to them future estates, as *remainders.*   It can not create or give future estates as remainders, without the intervention of a precedent estate created at the same time.   (*See* 1 *R. S.* 723, §§ 10, 11, *and the common law definition of Remainder in any of the books.*)

In this case then the gift to the grandchildren, even as to the residuary real estate, could not take effect as a remainder, or as remainders, without an implied devise to the daughters for the life of the longest liver of them; but to imply such a

Lovett *v.* Kingsland.

devise would seem to be inconsistent with the fact that the daughters are the heirs at law. (1 *Jarman on Wills*, 465, *and cases cited.*) It would be difficult, I think, to find a case in which a devise to the heir at law has been implied; for in the case of an executory devise to a stranger, without any disposition by the will of the subject of the executory devise, until the devise takes effect, why should not the heir at law take and enjoy *as heir* until then?

It would seem, too, that to imply a devise to the daughters, would be inconsistent with the gift to the grandchildren as a residue; and it would plainly be inconsistent with the gift of the annuities to the daughters; for the testator certainly did not intend these annuities to be paid out of the daughters' own incomes, or to be paid, or provided for, out of the property given to them for the life of the longest liver of them.

Indeed, I think it may be said, that to imply a devise of the residuary real estate to the daughters, for the life of the longest liver of them, would be inconsistent with the whole scheme of the will, for it is apparent from the whole will, that the testator intended the income of his whole residuary estate to be accumulated until the death of the longest liver of his two daughters, for the benefit of his grandchildren.

It is perfectly plain, then, that the daughters can not take, and can not have, any right in or to the subject of the gift to the grandchildren, or its income *under the will.* It is plain that their claim of any such right or interest must rest on the theory, that the gift to the grandchildren is *executory ;* that there was a partial intestacy as to the residuary personalty, that is, of the income of it from the testator's death until the death of the longest liver of the two daughters; and that as to the residuary real estate, *it* descended to them, as heirs at law, with its rents and profits, to hold and enjoy until the executory devise of it to the grandchildren takes effect.

Of course, the validity of the gift to the grandchildren, as

an executory limitation of the corpus or principal of the gift, to take effect in possession, on or after the death of the longest liver of the two daughters, is not, and can not be questioned.

Now, in my opinion, the gift to the grandchildren can not be regarded as executory, even in form. I think the words of futurity in the gift must be regarded as relating merely to the intended division or distribution.

As to Helena Gillender, the gift is in apt and sufficient words to make the gift as to her, a present, vested, absolute gift of one fourth part of the residuary estate, real and personal. The words are, "I give to my granddaughter, Helena Gillender, one fourth part of all my real and personal estate," and then follows the words, "and the other three fourths to be equally divided between the rest of my grandchildren, after the death of my two daughters, Augusta and Mary, and no division in any case before that time." The testator certainly did not intend that the gift should be a present immediate gift as to Helena Gillender's one fourth, and a future or executory gift as to the Kingsland grandchildren's three fourths. I think, then, the gift as to the Kingsland grandchildren should be looked upon as worded, or intended to be worded, "and the other three fourths I give to the rest of my grandchildren, to be equally divided between them, after the death of my two daughters, Augusta and Mary, and no division in any case before that time."

I think the gift to the grandchildren should be regarded, as a present, absolute gift, to be divided after the death of the testator's two daughters, and not as a future or executory gift, after the death of the daughters to be divided.

The testator by the words, "and no division in any case before that time," probably intended to forbid any division, either as between Helena Gillender and the Kingsland grandchildren, or as between the latter, until after the death of his daughters.

Now, I consider the fact, that the gift to the grandchildren

is to be regarded as in apt and sufficient words, to make the gift, a present vested, absolute gift, to be the controlling fact or circumstance in the construction of the will; and the controlling legal principle in its construction, I consider to be, the rule of construction, which has great latitude in construction of wills, that when the testator's general or primary intention appears, "the court, in order to give it effect, will sacrifice to it a particular (or secondary) intention, inconsistent with it."

A reference might be made to a large number of reported cases illustrating this rule or principle of construction. I refer to the following : *Lane* v. *Lane,* (8 *Allen's Mass. R.* 353 ;) *Craig* v. *Wells,* (1 *Kern.* 322 ;) *Bradley* v. *Peixoto,* (3 *Vesey, Jr.* 323 ;) *Roosevelt* v. *Thurman,* (1 *John. Ch.* 228 *to* 230.)

It is plain, that the testator intended that his grandchildren should have the whole benefit of all his residuary estate, real and personal. He has given it to them directly, without creating any trust, or limitation, or gift over, in apt and sufficient words, to make the gift a present, absolute gift in possession, and from which the court must infer that it was his intention to make the gift present and absolute; but he has followed this gift with certain words or provisions, showing that he intended that there should be no division between the donees until after the death of his daughters, and that his residuary real estate should not be sold or incumbered in the meantime, and that any balance of money unexpended of his residuary estate should be invested on bond and mortgage in the meantime.

Now these provisions, viewed as restrictions, or intended restrictions, of the absoluteness of the gift, and of the rights of property conferred thereby, are certainly inconsistent with, or repugnant to, the gift itself; and can not be effectual as such; and if not effectual as intended restrictions, must be viewed as mere recommendations to the donees as to the management of the property and its income.

Lovett *v.* Kingsland.

It is clear, I think, that this construction and this reason-ing applies to the gift, as to the residuary real estate; for as to *it*, the prohibitions of a division, and of incumbering, or selling, and the direction to invest on bond and mortgage, must be viewed as addressed to the donees; as to the realty, they can not be viewed as addressed to the executors, for the testator has not given them power even to receive the rents and profits of it in the life time of his daughters.

Were the gift to the grandchildren, a gift of personalty only, which by law vests in the executor for the purposes of administration, probably the prohibition of any division in the life time of the daughters, and the direction as to invest-ing any balance of unexpended moneys, would be considered as addressed to the executors, the first, as a mere postpone-ment of the division or payment of the gift until the death of the longest liver of the daughters, and the latter, as im-plying a direction for the accumulation of the income in the meantime; and it is clear that neither such postponement of the division, or payment, nor such direction for an accumu-lation, would be inconsistent with the present vesting, or even absoluteness of the gift, as a gift of personalty only. The mere postponement of the delivery or payment of a gift of personalty to a future day, with a direction for an accumu-lation of its income or interest till then, for the benefit of the donee or legatee, can not prevent the present vesting of the gift.

But I think it may be said, that in this case the testator has constrained the court to apply one rule or principle of construction to the entire gift; for he has given his residuary realty and personalty to his grandchildren, *uno flatu,* and in the same words of gift. How then can we consider the pro-hibition of any division in the life time of the daughters, or the direction as to investing any unexpended moneys on bond and mortgage, to have two different meanings, or to be ad-dressed to the donees as to the realty, and not to the donees, but to the executors, as to the peasonalty, when considering

them as addressed to the donees as to the personalty, and as restrictions upon the gift as to it, they would be no more inconsistent with the absoluteness of the gift as to the personalty, than as to the realty.

It is probable, that the testator drew his will or filled up the printed blank without professional aid.

Lord Mansfield said in *Hogan* v. *Jackson, (Cowp. R.* 306 :) "Generally speaking no common person has the smallest idea of any difference between giving a person a horse and a quantity of land ;" that "common sense alone would never teach the difference," &c.

The testator probably intended that his grandchildren should take money and no land, after the death of his daughters, and not before ; and that in the meantime, the income of his whole residuary estate should be accumulated for the benefit of his grandchildren ; yet without creating any trust for the accumulation, or final distribution, and without giving his executors any power even to receive the rents and profits of his residuary real estate, or to sell the same till after the death of his daughters, he has given his whole residuary estate, real and personal, to his grandchildren, in words and a manner, which, I think, must be regarded as making the entire gift a present, vested, absolute gift. The testator appears to have thought that his executors would by law take his real estate as well as personal, and that all he had to do was to express any wish or direction to the gift to his grandchildren, or the subject of it, and his executors must and would see that it was carried out.

If the testator had expressly directed the intended accumulation, the direction would have been ineffectual, not only because the accumulation would have been illegal, but also because the direction would have been inconsistent with the directness and absoluteness of the gift to the grandchildren, *as a mixed gift of the residuary real and personal estate by the same words of gift;* and how can a trust or a devise or gift to the executors in trust be implied for an accumula-

tion which would be not only illegal, but inconsistent with the gift to the grandchildren, particularly, when to imply such a trust, to say the least, might embarrass the court in carrying out the evidently main purpose of the testator, to give his residuary estate, real and personal, with all of its income or increase, to his grandchildren.

It is my opinion, then, that we are constrained to apply the construction, and the rule or principle of construction above suggested, to the whole gift and the entire subject of the gift to the grandchildren, and to hold as a consequence that there is not any valid effectual suspension or postponement of the division or payment, even of the corpus or principal of the residuary personalty, beyond the time fixed by law for its distribution or payment.

It is evident that the power of sale given to the executors can never be exercised consistently with this construction, and that it must be deemed inconsistent with the direct, present, absolute gift to the grandchildren. It is also evident that by this construction the case is freed from the questions, whether the gift of three fourths to the Kingsland grandchildren may not be a gift to a class, so as to open and permit the class taking to be added to, and whether there might not be an accumulation *pro tanto*, that is of the income of the shares of the grandchildren who are minors, during their respective minorities.

As to the equivocal provision of the will, "and in case of the death of either of my said daughters, the amount left to either of them, as above mentioned, shall be paid to the child or children of them, until my estate is divided between my grandchildren," I think by it, the testator probably intended that the child or children of the daughter first dying, and not his grandchildren generally, should receive the same annual payment or annuity out of his estate that her, his or their mother had received, until the death of the surviving daughter, but this provision for the child or children of the daughter first dying, was evidently made in view of the tes-

Lovett *v.* Kingsland.

tator's scheme to postpone the division and enjoyment of the residuary gift, and to have its income accumulated ; and this scheme failing, I think this provision should be deemed to have failed or to be ineffectual.   The testator could not have intended that the annuity should be continued to a grandchild, or to grandchildren, out of property, or its income, which, or their shares of which, his grandchildren were absolutely enjoying under the residuary gift.   I think it may be said, that this provision is inconsistent with the residuary gift.

I do not think this provision was intended, in case of Mrs. Gillender's death before her sister, to carry the house and lot, No. 23 Union Square, or the rents and profits of it, to her child or children until the death of her sister.   I think the residuary gift carries the remainder of the testator's estate in the house and lot, and that by it, Miss Gillender takes a vested remainder in fee, in one fourth of it, and the Kingsland grandchildren in three fourths of it.   As to this house and lot, therefore, the construction which makes the gift to the grandchildren a present, absolute gift, must evidently be qualified.

I think the decree in this case should be framed upon the foregoing construction of the gift to the grandchildren, and according to the foregoing views of the results of that construction ; yet in view of the arguments of counsel in this case, and of the inconsistencies of the will, and of doubts which may arise as to the correctness of such construction, I will add, that should the gift to the grandchildren be regarded as executory or future in form, that is, as a gift, " after the death of my two daughters," it would, in my opinion, carry the income of the gift, or of the subject of it, from the testator's death to the grandchildren, and that the results would be nearly the same, though reached or produced in a different way.

A specific bequest of personalty, or of any particular portion or fund of the testator's personal estate, payable or deliverable at a future day, as distinguished from a general

pecuniary legacy payable out of the estate at a future day, carries all the income, interest, or increase of the subject of the specific bequest from the testator's death.

A *specific* executory devise does not carry the rents and profits, until it takes effect in possession. Whether a *residuary* executory devise would, seems not to be settled. Lord Hardwicke, in *Gibson* v. *Lord Montford*, (1 *Ves.* 490, &c.) expressed the opinion that it would. Chancellor Kent seems to have been of the same opinion, in *Rogers* v. *Ross*, (4 *John. Ch.* 400,) and Lord Brougham in *Acker* v. *Phipps*, (3 *Cl. & Finelly*, 399, 400,) but in the recent case of *Hodson* v. *Earl Bective*, (1 *Hemming & Miller*, 376–402,) Vice Chancellor Wood expressed a different opinion, and after a review of all the English cases came to the conclusion, that there was not any case which could be said to have decided the point, and certainly in neither of the three first cases referred to, was it necessary to decide it. (*See also* 1 *Jarman on Wills*, 4th *Am. ed.* 530, 531, *note B.*)

However this may be, it seems perfectly settled, that a residuary executory mixed gift of realty and personalty in one clause and by the same words of gift, carries all the income or increase of it, and that such a gift involves an accumulation of the income or increase till the gift takes effect in possession. (*See cases last cited, and Genery* v. *Fitzgerald, Jacob's R.* 468, *particularly the last case; and Rogers* v. *Ross*, 4 *John. Ch.* 388.)

That the gift of a residue of personalty, payable or deliverable at a future day, if vested, carries a present right to the income as it accrues, though the payment or delivery of the principal or corpus be postponed. (*See Nicholls* v. *Osborne*, 2 *P. Wms.* 419, *Perkins' ed. ; Tyrrel* v. *Tyrrel*, 4 *Ves. Jr.* 1 ; *Crickett* v. *Dolby*, 3 *id.* 10.)

That a future or contingent gift of a residue of personalty also carries the income or interest, though it involves an accumulation of such income or interest. (*See Greene* v. *Ekins*,

2 *Atk.* 472 ; *Trevanion* v. *Vivian,* 2 *Ves. Sen.* 430, *and other cases before cited, in which this is conceded.*)

It follows, should the residuary gift to the grandchildren in this case be regarded as executory in form or in terms, that is, as a gift to them after the death of both of the testator's daughters, though the testator has not mentioned the rents and profits or income of the gift, yet, that the gift itself would show, that he intended that his grandchildren should have all the rents and profits and income of the entire subject of the gift, and that he intended the same to be accumulated till the gift took effect in possession. Stated more specially with reference to the testator's intention, and the legal effect of the form or terms of the gift, it would be a gift to the grandchildren of the residue of the testator's real and personal estate after or upon the death of the longest liver of his daughters, *and a gift of all its income until then to be accumulated.*

This being so, and the accumulation being illegal, the gift of the income is left to take effect free from the accumulation.

We have then, as to the residuary real estate, a gift of it, after or upon the death of the longest liver of the testator's daughters, and a gift of its rents and profits until then. And what is this but a present absolute gift of the residuary real estate, the statute (1 *R. S.* 727, 728, §§ 45 *to* 49, *inclusive,*) making the gift of the rents and profits the same as a gift of the land itself; and as to the residuary personal estate, the gift of its income being released from the accumulation, you have a gift of it, to be paid or divided after or upon the death of the longest liver of the testator's daughters, and a gift of its interest or income as it accrues, until then ; and this being a vested absolute gift of the residuary personalty and its income, free from any contingency, and without any gift or limitation over, it seems that in England a court of equity would disregard the postponement or attempted postponement even of the principal or corpus of the gift, except

Lovett *v.* Kingsland.

as to the grandchildren, who are minors, and during their respective minorities only. (*Josselyn* v. *Josselyn*, 9 *Simons*, 64, 66. *Grant* v. *Grant*, 3 *Young and Coll.* 172. *Saunders* v. *Vantier*, 4 *Beav.* 116. *Roche* v. *Roche*, 9 *id.* 66; and see *Smith* v. *Harrington*, 4 *Allen's Mass. R.* 568, &c.)

These English decisions must really rest upon the principle, that to postpone the enjoyment of a vested, absolute, indefeasible gift of personalty beyond the majority of the donee or legatee, would be unreasonable and inconsistent with the absoluteness of the gift; but perhaps the doctrine of these cases would not apply to the shares of the Kingsland grandchildren in the residuary personalty, if the gift as to them is a gift to a class.

It is quite plain, I think, even if the gift to the grandchildren should be regarded as executory in form, that the provisions of the statute (1 *R. S.* 726, § 40, 773, § 2) carrying the income in certain cases "to the persons presumptively entitled," &c. would not apply, for there would be no contingency about the executory or future limitation in form. It would be to persons in esse, and to take effect in possession, on, or after, an event which must happen, and consequently there would be no suspense of the power of alienation or of the ownership.

In the case of a gift or limitation of real or personal property, and of its rents and profits or income to be accumulated, to A., (aged twenty-one or over at the death of the testator) if he should survive B., the direction for the accumulation being void, I do not see why the statute would not carry the rents and profits or income to A., in B.'s lifetime, and as the rents and profits, or income, accrued; but in the case of a like gift or limitation to A., upon or after the death of B., to permit the rents and profits or income to go to the heir at law or next of kin, because, there being no contingency about the gift or limitation, the statute did not apply, would, it appears to me, be permitting a strange result to take place, for a very strange reason. The truth is,

the statute assumes that in the latter case, A. would take the rents and profits or income directed to be accumulated, without its aid, as I have endeavored to show that he would.

Mr. Jarman substantially states, as the result of certain English decisions, under the English act, called the Thellusson Act, restricting accumulations, that when there is a trust for an illegal accumulation, and the gift is to take effect at the expiration of the trust, the ulterior limitation of the principal or *corpus* of the gift is not affected, nor its possession or enjoyment accelerated by the invalidity of the trust; that the operation of the act simply is to withdraw the income included in the illegal trust form its operation, and leave it to go as undisposed of by the gift. (1 *Jarman on Wills,* 4 *Am. ed.* 271, *marg.*)

In all the cases cited by the counsel for Mrs. Gillender to show that the invalidity of the accumulation in this case does not operate to accelerate the title of the grandchildren, but does operate to carry the income to be accumulated to the testator's daughters as undisposed of by the will, I think it will be found there was a trust for the accumulation only, or for that and other purposes.

No one could suppose that the invalidity of the accumulation simply would or could hasten the enjoyment or possession of the principal, or *corpus,* of the gift to the grandchildren; certainly, regarding the gift as executory in form, the question is simply, as to the destination of the income released from the accumulation.

I have met with no case, and have not been referred to any, in which it has been held that in case of a direct gift to A. of real or personal property, and of its income to be accumulated, after or upon a future event certain, *without any trust,* the accumulation being illegal, A. would not take the income to be accumulated presently and as it accrued.

My conclusion is, then, should the gift to the grandchildren be regarded as executory in form, that it would carry to them (the accumulation involved being illegal) its

income intended to be accumulated as it accrues ; the legal results of which plainly being such as have been before stated.

Should the gift to the grandchildren be regarded as executory in form, probably the accumulation would be legal as to the shares of the grandchildren who are minors, during their respective minorities, (1 *R. S.* 726, §§ 37, 38 ;) if so, the operation of section 38 restricting accumulations, and of the other statutory provisions (1 *R. S.* 727, 728, §§ 45 *to* 50) preventing formal naked trusts of real estate, and making a gift of its rents and profits, the same as a gift of the land and of its rents and profits, except in certain cases, would only be suspended, as to the shares of the minors during their respective minorities.

Probably, too, on the construction that the gift to the grandchildren is executory in form, the question whether the gift of the three fourth parts to the Kingsland grandchildren is a gift to a class, might be of some importance as to the residuary personalty, but I do not see that it could be of any importance as to the residuary realty, for I understand the rule to be that in case of a gift to children or grandchildren as a class, the class taking can not be added to after the share of any one of the class has vested absolutely in possession ; and I think I have shown, that the shares of the Kingsland grandchildren who are of age, in the residuary realty, except their remainders, in 23 Union Square, must be deemed to have absolutely vested in them in possession, though the gift should be regarded as executory in form.

I shall not pass upon the question whether as to the Kingsland grandchildren the gift is to a class now, for it can hardly be said to have been argued by counsel, and is not in the case, except, perhaps, as to their remainder or remainders in 23 Union Square, on the construction that the gift to the grandchildren is a present, vested, absolute gift, which construction, I have before said, I thought should be adopted in framing the decree. So far as the question may be deemed

of any importance as to the estate or rights of the Kingsland grandchildren in 23 Union Square, I shall reserve it until the settlement of the decree.

The costs of all parties must be paid out of the estate, and the decree settled on two days' notice.

[NEW YORK SPECIAL TERM, October 3, 1865. *Sutherland,* Justice.]