MARY DUFFY, RESPONDENT, *v.* CATHARINE DUFFY, APPEL-
LANT, AND FRANCIS DUFFY AND OTHERS, RESPONDENTS.

*Power of sale in an executrix — is not a bar to an action for partition by a party succeeding to an interest in the land covered by the power.*

Where a testator devised his real estate, one-half to his widow, and died intestate as to the residue, and further authorized his widow, his executrix, "to sell and dispose of said estate at public auction, and to convey the same, with full power to execute a good and sufficient deed in law therefor," the power of sale given to the executrix does not prevent the bringing of an action for partition of such real estate by one of the heirs-at-law having an interest therein.

*McGregor* v. *McGregor* (22 Weekly Dig., 305) distinguished.

APPEAL from a judgment in favor of the plaintiff, recovered at the New York Special Term, and entered in the New York county clerk's office, December 19, 1887.

*Delos McCurdy,* for the appellant.

*Sidney H. Stuart,* for the plaintiff respondent.

*William Irwin,* for the respondent and defendant Susan Daly.

*Doherty, Darwin & Hendricks,* for Francis Duffy and others, defendants and respondents.

DANIELS, J.:

By the judgment which has been recovered, a sale in partition is directed of two parcels of land situated on Seventy-fourth street, between Second and Third avenues, in the city of New York. The larger parcel is twenty-five feet front and rear by 102 feet two inches in depth. Each of these parcels of land was owned, at the time of his decease, by Phillip Duffy, who left a will devising one undivided half of the larger piece of ground to his widow in lieu of dower. The will made no other disposition of any part of the property of the testator after the payment of his debts, funeral and testamentary charges, but the testator authorized his widow, Catharine Duffy, as executrix of the will, " to sell and dispose of said estate at public auction, and to convey the same with full power to execute a good and sufficient deed in law therefor." The plaintiff is one of the heirs-at-law of the testator. And as no other part of his real estate has been devised than the undivided half given to the widow, she, together with the other heirs-at-law, became entitled by descent to the other undivided half of this piece of land, and, also, to the other parcel of land adjoining it on the east, and being only three feet front and rear and of the same depth as that described and mentioned in the will. She brought her action for the partition of these two parcels of real estate as such heir-at-law, and it has been resisted by the widow, who is the only appellant, on the ground that she became vested with and entitled to execute this power of sale by the will of the testator. A dispute has arisen between the parties as to whether the power of sale includes the entire estate in the parcel of land in which the widow has been given an undivided half

or both of these parcels of land. And its creation has been further objected to as an entirely illegal act on the part of the testator, and authorities have been cited in support of the latter position, but in those cases the court proceeded no further than to hold that the power was inoperative as to property otherwise and directly devised by the testator. (*Lovett* v. *Kingsland*, 44 Barb., 560; *Lovett* v. *Gillender*, 35 N. Y., 617, 620; *Hetzel* v. *Barber*, 69 id., 1.) · But there was no devise of the testator's estate in this instance beyond that given to the widow. And even though the power shall be held to be inoperative over that undivided half, the residue of the ·estate still descended to the heirs-at-law, being undevised by the testator, subject to her future execution of this power, provided it should be so construed as to include that part of the testator's ·estate. (*Crittenden* v. *Fairchild*, 41 N. Y., 289; *Lent* v. *Howard*, 89 N. Y., 176.)

It is not, however, necessary to determine whether these objections to the power are well taken or not, for the reason that if ·it should include the other undivided interest in the larger parcel of land, as it probably might, or that, together with the smaller parcel of land, it would not stand in the way of .the ·right of the plaintiff to maintain an action for the partition of the estate. While the power is a power in trust, no time has been fixed in the direction given to the testatrix within which it is to be exercised, but that has been left to her own volition, subject to the power of the court to ·compel its execution for the benefit of the parties interested in it. (2 R. S. [6th ed.], 1115, § 117.) Subject to this power, certainly the entire real estate not devised to the widow descended to the testator's heirs-at-law (*Lent* v. *Howard*, 89 N. Y., 169, 176), and they thereby became tenants in common with the widow in the larger parcel of the testator's real estate, and between themselves in the smaller of the two parcels. And when an estate in lands may be held in this manner, section 1532 of the Code of Civil Procedure has secured the right to either one of the tenants in common to prosecute and maintain an action for the partition of the estate. This right has been unqualifiedly given where the facts are that the parties are tenants in common, as they appear to be in this action. The suit has not been prohibited by anything contained in the succeeding section relating to remaindermen, for this estate is held by

the parties owning it in common, in fee. Neither is the right to maintain the action dependent upon any devise of the testator's estate being declared void, as that has been provided for by section 1537 of the Code of Civil Procedure. There was no other devise in this instance than that of the undivided interest to the widow, which was given to her in lieu of her dower, and the validity of which has been neither assailed nor made the subject of objection. So far from anything contained in the Code of Civil Procedure being in conflict with the right of the plaintiff to maintain this action, because of the existence of this power, its provisions appear to be clearly in her favor, and in no way subject to qualification on account of the existence of this power; and that was considered to be their effect in *Underhill* v. *Underhill* (4 N. Y. State Rep., 858.) The case of *McGregor* v. *McGregor* (22 Weekly Dig., 305) has been brought to the attention of the court as an authority opposed to the right of the plaintiff to maintain this action, but that is not the effect of the decision made in that case; for there a valid trust had been created, which was still in existence, and consequently deprived the plaintiff of the right to maintain an action for the partition of the estate. There was no such title existing in the plaintiff there as the law has required to justify such an action.

No question has been presented as to the liability of the widow to account for the rents and profits, since the death of the testator, of so much of the real estate as was not devised to her by the will; and her liability for that accounting, not being asserted in support of the appeal, may be assumed by the court to have been rightly disposed of at the trial.

The judgment which was directed, so far as it has been brought in question, appears to be right, and it should be affirmed, with costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment affirmed, with costs.